UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CRIMINAL ACTION NO. 4:20-CR-00446 |
| YAVONNE HAND, *et al.*, | § § § | |
| Defendants. | § § | |

# ORDER

Before the Court are (1) the Government's Response to Court Order Regarding Competency Proceedings (Doc. #226); and (2) Defendant Yavonne Hand's ("Defendant") Rule 48(b) Motion to Dismiss the Indictment (the "Motion to Dismiss") (Doc. #227), the Government's Response (Doc. #232), and Defendant's Reply (Doc. #233). The Court heard oral arguments on the Motion to Dismiss on July 30, 2024. Having considered the parties' arguments and the applicable law, the Court denies the Motion to Dismiss. Doc. #227.

**I.   Background**

On September 16, 2020, Defendant was charged with one count of Conspiracy to Commit Wire Fraud and Health Care Fraud, five counts of Health Care Fraud, and six counts of Money Laundering. Doc. #1; *see also* Doc. #89. On October 7, 2022, the Court conducted a competency hearing pursuant to 18 U.S.C. § 4241(c), wherein medical experts provided testimony regarding Defendant's mental state. *See* Doc. #182. On November 2, 2022, the Court entered an Order determining that Defendant was incompetent to stand trial. *Id.* As such, the Court ordered that Defendant be committed to the custody of the United States Attorney General for hospitalization and evaluation pursuant to 18 U.S.C. § 4241(d)(1) to determine whether, in the foreseeable future,

Defendant would attain the capacity to permit the trial to proceed. *Id.*

On April 24, 2023, the Court received a competency evaluation report (the "First Report") from the Bureau of Prisons ("BOP"). Doc. #190. In the First Report, Dr. Matthew R. Opesso, a forensic psychologist, opined that Defendant was incompetent to stand trial due to a bipolar disorder. *Id.* at 9. However, the First Report also indicated that Defendant could be restored to competency through further evaluation and treatment, such as medication. *Id.* at 8. The Government then moved to involuntarily medicate Defendant (Doc. #201), but withdrew that request after learning that Defendant was no longer exhibiting symptoms noted in the First Report (Doc. #202). The Court held a status conference on November 7, 2023, wherein two medical professionals also informed the Court that Defendant was not exhibiting some of the psychological symptoms previously noted. Thus, the Court ordered a re-evaluation of Defendant's competency pursuant to 18 U.S.C. § 4241(d)(2). Doc. #211.

On May 6, 2024, the BOP submitted its second competency evaluation report (the "Second Report"), wherein another forensic psychologist, Dr. M. Wilson, determined that Defendant suffers from delusional disorder. Doc. #219 at 7. Dr. Wilson also determined "it is unlikely" that Defendant "will be restored to competence and allow proceedings to continue." *Id.* at 7. The Court held a hearing on May 31, 2024, to address the Second Report. At the May 31 hearing, the Government notified the Court that it had requested an addendum because the Second Report did not address whether involuntary medication may be effective to restore Defendant's competency. The Court informed the parties it would wait for the addendum to determine the appropriate next steps in this case. The addendum was submitted on June 3, 2024 (the "Addendum"), and states that, given the change in Defendant's diagnosis to delusional disorder, Defendant's treating psychiatrist believes "psychiatric medication is unlikely to foster significant improvement in her

2

condition, specifically as it pertains to restoration of competence." Doc. #225 at 2.

On June 21, 2024, the Court held a status conference to discuss the path forward given the Second Report and the Addendum's conclusions regarding competency, and directed the Government to file a response regarding whether it intends to dismiss this case. On June 26, 2024, the Government filed its Response to Court Order Regarding Competency Proceedings, indicating it does not intend to dismiss this case. Doc. #226. Instead, the Government requested that the Court release Defendant from confinement and set a status conference in six months to determine whether, having been released from confinement, Defendant regained competency to stand trial. *Id.* On July 2, 2024, Defendant filed the Motion to Dismiss and objected to the Government's suggestion that Defendant's competency be re-evaluated in six months. Doc. #227.

On July 12, 2024, the Court revoked Defendant's Detention Order (Doc. #24) and ordered that she be released from the custody of the United States Attorney General. Doc. #228. Defendant is now released on bond with minimal conditions. Doc. #234. On July 30, 2024, the Court held a hearing on the Motion to Dismiss, wherein the parties presented oral arguments. Defendant seeks dismissal of the Indictment pursuant to Federal Rule of Civil Procedure 48(b) and the Court's supervisory powers.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 48(b)

Under Rule 48(b), "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." FED. R. CRIM. P. 48(b). Rule 48(b) "embraces the inherent power of the court to dismiss for want of prosecution." *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977). "However, dismissal under Rule 48(b) is not required

3

unless the constitutional speedy trial right has been flouted." *United States v. Hill*, 622 F.2d 900, 908 (5th Cir. 1980).

**b.   Supervisory Powers**

"Dismissal of an indictment pursuant to the Court's supervisory powers is permissible only in the most egregious circumstances." *United States v. Johnson*, 818 F. Supp. 1004, 1007 (S.D. Tex. 1993), *aff'd*, 68 F.3d 899 (5th Cir. 1995) (citing *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979)). Moreover, "the defendant must show actual prejudice resulting from the government's misconduct to warrant dismissal of an indictment." *Id.*

**III.   Analysis**

Defendant moves for dismissal pursuant to Rule 48(b) and the Court's supervisory powers because Defendant has been found incompetent to stand trial, and medical professionals have opined that Defendant is unlikely to regain competency. Doc. #227. The Government argues that there is no basis for dismissal at this time, and instead asks that Defendant be re-evaluated in six months to determine if being released from confinement changes her mental state. Doc. #232.

The parties agree that the applicable statute, 18 U.S.C. § 4241, does not address how courts should proceed where a defendant has been found incompetent, is unlikely to attain competency, and does not pose a danger to herself or others. Doc. #227 at 3; Doc. #232 at 1. Moreover, the parties do not cite, and the Court is not aware of, any cases in the Fifth Circuit addressing this issue. However, district courts outside of this Circuit that have been faced with similar circumstances have determined that "the decision of whether the prosecution should or should not be dismissed is left to the sound discretion of the United States Attorney." *United States v. Wilson*, No. CRIM.A. 09-00349-01, 2012 WL 2499506, at *3 (W.D. Mo. June 7, 2012), *report and recommendation adopted*, 2012 WL 2499503 (W.D. Mo. June 27, 2012); *see also United States v.*

4

*De Matteis*, No. 5:19-CR-75-AKK-GMB, 2020 WL 4210501, at *4 (N.D. Ala. Mar. 2, 2020), *report and recommendation adopted*, 2020 WL 4201857 (N.D. Ala. July 22, 2020) ("[T]his court is persuaded by the line of cases affirming prosecutorial discretion in this context.").

In *Wilson*, the defendant was found to be incompetent, "the long-term outcome of improvement of [defendant's] disorder [was] not to be expected with any degree of predictability," and the defendant did not pose a danger to himself or others. 2012 WL 2499506, at *2–3. The court in *Wilson* determined that, though the "pendency of this prosecution may, at some point, raise the question of whether the due process rights of [defendant] have been violated, that point has not yet been reached. This is particularly true where [defendant] is not in custody or committed and is subject to only minimal conditions of pretrial release." *Id.* at *3. Thus, the court—having also concluded that that the decision to dismiss the indictment was left in the prosecutor's discretion—denied the defendant's motion to dismiss on due process grounds and set a status conference six months out to determine whether the defendant had regained competence. *Id.*

Much like in *Wilson*, the Defendant here has been found incompetent and medical professionals have opined that her competency is unlikely to be restored. In addition, neither party argues that Defendant poses a danger. Also like the defendant in *Wilson*, Defendant in this case is no longer in custody and is subject to minimal conditions of pretrial release. Thus, as the district court held in *Wilson*, this Court finds that "the question of whether the due process rights of [Defendant] have been violated . . . has not yet been reached." *Id.* Moreover, given that the case law suggests that "the decision of whether the prosecution should or should not be dismissed is left to the sound discretion of the United States Attorney," the Court finds that the appropriate course of action at this stage is to deny the motion to dismiss and set a status conference in three months, similar to the *Wilson* court. *Id.*

Defendant has suggested, without citing any authority, that dismissal is warranted pursuant to Rule 48(b), which permits dismissal where there is unnecessary delay in bringing a defendant to trial. Doc. #227. The Fifth Circuit "has held that Rule 48(b) does not require dismissal absent a Sixth Amendment violation and that a district court has extremely broad discretion regarding whether to dismiss under Rule 48(b)." *United States v. Garcia*, 995 F.2d 556, 561 n.8 (5th Cir. 1993) (cleaned up). Here, Defendant does not even suggest in her Motion to Dismiss that her Sixth Amendment rights have been violated. This is likely because, under the Speedy Trial Act, "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" is "excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(4). Thus, the Court finds that dismissal under Rule 48(b) is not appropriate at this juncture. Moreover, to the extent that Defendant requests dismissal pursuant to the Court's supervisory powers, the Court finds that Defendant has not demonstrated that this case presents such an "egregious circumstance" to warrant dismissal or that she has suffered "actual prejudice." *See Johnson*, 818 F. Supp. at 1007 (citing *Campagnuolo*, 592 F.2d at 865). Thus, the Court finds that the Motion to Dismiss should be denied at this stage.

IV.   **Conclusion**

In conclusion, the Court finds that dismissal of the indictment is not warranted at this juncture. As such, the Motion to Dismiss (Doc. #227) is hereby DENIED. The Court will enter a separate Notice of Setting to schedule a status conference in approximately three months.

It is so ORDERED.

AUG 2 0 2024
Date

The Honorable Alfred H. Bennett
United States District Judge

6